United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Areli Del Carmen Espinosa, Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Linda Swacina, Miami District ) | Civil Action No. 19-21315-Civ-Scola |
| Director, U.S. Citizenship and ) | |
| Immigration Services and others, ) | |
| Defendants. ) | |

**Order Granting Motion to Dismiss**

Plaintiff Areli Del Carmen Espinosa seeks review of the United States Citizenship and Immigration Services' ("USCIS") decision to close her I-485 application. (Compl., ECF No. 1.) In response, the Defendants maintain Espinosa's complaint should be dismissed for a lack of subject-matter jurisdiction or, failing that, for her failure to state a claim. (Defs.' Mot., ECF No. 9.) Because the Court agrees that it lacks subject-matter jurisdiction, it **grants** the Government's motion (**ECF No. 9**) and dismisses Espinosa's complaint.

1. **Background**[1]

Espinosa, a native and citizen of El Salvador, entered the United States, on December 29, 1992, "without inspection." (Compl. at ¶ 17.) Thereafter, in April 1993, an immigration judge entered an order of deportation, in absentia, against her. (*Id.* at ¶ 18.) That order of deportation, under Espinosa's maiden name, remains in effect. (*Id.*; Defs.' Mot. at 3–4). Espinosa was also placed in removal proceedings, in 1998, under her married name and, by dint of those proceedings, was granted voluntary departure in February 1999. (Compl. at ¶¶ 21–22; Defs.' Mot. at 4 n. 5.)

At some point, Espinosa does not specify when, she acquired Temporary Protected Status by way of El Salvador's designation in the Immigration Act of 1990. (Compl. at ¶ 19.) Espinosa has retained this status through the filing of her complaint. (*Id.* at ¶ 20.)

After attaining Temporary Protected Status, Espinosa, on October 6, 2016, received authorization to leave the United States temporarily and to then return to resume her protected status. (*Id.* at ¶ 25 ("USCIS issued . . . Espinosa an I-512L Authorization for Parole of an Alien into the United States pursuant to her grant of TPS.").) In March 2017, Espinosa returned and "was paroled

---

[1] The Court accepts Espinosa's factual allegations as true for the purposes of evaluating the Defendants' motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

into the United States" as provided by her previously authorized advance parole, under 8 U.S.C. § 1182(d)(5). (*Id.* at ¶ 26.)

Upon Espinosa's application, the Board of Immigration Appeals terminated her 1998 removal proceedings so that she could pursue a status adjustment. (*Id.* at ¶ 27–28.) Espinosa does not contest that this termination had no impact on her 1993 order of deportation, which remains in effect. (Defs.' Mot. at 4 n. 5.) On February 19, 2019, Espinosa submitted an application for permission to reapply for admission (Form I-212), in relation to her application to adjust status (Form I-485), to the USCIS Hialeah Field Office. (Compl. at ¶¶ 34–35.) Two days later, USCIS issued a notice of administrative closure, closing Espinosa's application for a lack of jurisdiction. (*Id.* at ¶ 36.)

Espinosa objects to USCIS's decision, complaining that it was arbitrary, capricious, and an abuse of discretion under the Administrative Procedures Act and violates her due process rights under the Fifth Amendment.

## 2. Analysis

At the heart of Espinosa's claims is her complaint that USCIS improperly determined that she is not an "arriving alien" as that term is defined by federal regulations. This is the key to her insistence that the USCIS improperly found it lacked jurisdiction to review her admission application: for, if she is an arriving alien, she argues, the USCIS, and not the immigration judge, has jurisdiction to adjudicate her application for adjustment of status. (Pl.'s Resp. at 1–2 (citing 8 C.F.R. § 1245.2(a)(1) (except under certain circumstances, not applicable here, an "immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by [an] arriving alien.")).) None of Espinosa's factual allegations or the legal authorities she relies on, however, support her contention that she ever attained the designation of "arriving alien." All of her arguments, then, regarding the USCIS's alleged policy change regarding its jurisdiction over arriving aliens with temporary protected status are thoroughly unavailing. Accordingly, the Court agrees with the Government that the Court cannot exercise jurisdiction over Espinosa's case.

As set forth in the Immigration and Nationality Act, "[n]otwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). Further, the INA precludes the district courts from hearing, with certain exceptions not applicable here, "any cause or claim by . . . any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). In sum, the INA prevents district courts from granting relief in actions

like this one that directly or indirectly challenge final orders of removal. *Singh v. United States Citizenship & Immigration Services*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended* (Jan. 9, 2018) ("the term 'judicial review of an order of removal,' as used in Section 1252(a)(5), encompasses both 'direct' and 'indirect' challenges to removal orders"). Where a plaintiff seeks relief that, if granted, would invalidate a removal order, the district court lacks subject matter jurisdiction and the claim must proceed through the channels prescribed by Congress, ending in a petition for review in the proper court of appeals. *See*, *e.g.*, *Duron v. Johnson*, 898 F.3d 644, 646 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1179 (2019) (affirming a district court's dismissal for lack of jurisdiction where the complaint challenged the validity of an alien's deportation order).

Here, Espinosa is subject to a deportation order, entered more than two decades ago. Her complaint is, at best, an indirect attack on that order. Indeed, her claims here are "inextricably linked" to her removal order because USCIS "administratively closed [her] application *based on the removal order.*" *Santa Maria v. McAleenan*, CV H-18-3996, 2019 WL 2120725, at *3 (S.D. Tex. May 15, 2019) (emphasis added). Indeed, if the Court were to determine that USCIS has jurisdiction to adjudicate Espinosa's application for adjustment, and USCIS were to then grant that application, Espinosa's deportation would necessarily be nullified. To be sure, USCIS and the immigration judge do not have concurrent jurisdiction over status adjustment applications. *Singh*, 878 F.3d at 446. And since "the purpose of this action is to shift jurisdiction from the tribunal that has ordered [the plaintiff] removed and to render the removal order ineffective," it is precluded by 8 U.S.C. § 1252(a)(5). *Id.* The Court thus dismisses Espinosa's case for a lack of subject-matter jurisdiction under Rule 12(b)(1).[2]

The Court also **denies** both Espinosa's motion for leave to present supplemental briefing (**ECF No. 22**) and the Government's motion to strike Espinosa's notice (**ECF No. 24**). Finally, the Court directs the Clerk to **close**

---

[2] The Court notes that even if did have jurisdiction, it would in any event conclude that Espinosa, as set forth above, has failed to state a claim because she has not presented facts or legal support establishing that she is an "arriving alien." *See Gonzalez v. Mayorkas*, 1:13-CV-1230, 2014 WL 585863, at *5 (E.D. Va. Feb. 12, 2014), *aff'd sub nom. Gonzalez v. Zannotti*, 585 Fed. App'x 130 (4th Cir. 2014) (noting that the plaintiff's illegal entry in 1984 "controlled his status" and "an alien cannot be both inadmissible as having entered without inspection and at the same time an arriving alien" and therefore concluding that an alien's being granted TPS and thereafter being paroled cannot "erase his original entry without inspection, nor . . . convert his status to that of an arriving alien").

this case and **denies any other pending motions as moot**.

**Done and ordered**, at Miami, Florida, on December 6, 2019.

_____
Robert N. Scola, Jr.
United States District Judge